THE PORT JERVIS REAL ESTATE AND LOAN ASSOCIATION, Plaintiff, *v.* MINNIE E. EDWARDS and Others, Defendants.

County Court, Orange County, November 6, 1928.

*Alfred Marvin*, for the plaintiff.

*Frank H. Finn*, for the purchaser.

WIGGINS, J. The only question involved in this matter is whether the notice of the sale of the rea' property under the judgment of foreclosure was defective because it was not posted in three public places in the city of Middletown, where the real property is located.

Section 986 of the Civil Practice Act provides, in connection with a sale of rea' property made in pursuance of a judgment, in an action affecting the title to real property, that notice of the sale must be given by the officer making it in the manner prescribed for the sale by a sheriff of real property by virtue of an execution, *unless* the property is situated wholly or partly in a city or in an incorporated village of the first class, in which a daily, semi-weekly or tri-weekly newspaper is published, and in that case the notice is given by publishing the same in such paper twice in each week for three successive weeks immediately preceding the sale.

It is quite evident from this that two methods are prescribed for the sale of real property. One, where the property is to be sold in the manner prescribed for the sale of real property by the sheriff under an execution, which method directs that, among other things, the notice shall be posted in three public places.

The requirements as to the giving of the notice of the sale of the real property in question does not come under that provision for the statute specifically prescribes that where the property is situated wholly or partly in a city or in an incorporated village of the first class, in which a daily, semi-weekly or tri-weekly newspaper is published, the notice of sale shall be published at least twice in each week for three successive weeks preceding the sale.

The sale of this property falls under the latter provision, which contains no requirements for posting the notice of sale in three places in the city. The requirements of the statute in this particular case were fully complied with when the notice was published in the newspaper twice a week for three successive weeks, and the purchaser cannot refuse to complete the sale upon the ground that the notices were not posted in three public places in the city, as there is no such statutory requirement where the property is located wholly or partly in a city or incorporated village of the first class, in which a daily, semi-weekly or tri-weekly newspaper is published.